S91Q0078. JOHNSON CONTROLS, INC. v. SAFECO
INSURANCE COMPANY.
(404 SE2d 556)

SMITH, Presiding Justice.

The United States Court of Appeals for the Eleventh Circuit in

---

*Johnson Controls, Inc. v. Safeco Ins. Co. of America*, No. 899-8710 (Decided Oct. 2, 1990), certified the following question to this Court:

> In the context of a performance and payment bond in the construction industry, when a creditor has selected an available contractual remedy which contemplates deferral of the time for payment, does [OCGA] § 10-7-24 (1989) operate to require the creditor to file suit within the section's three month time period, on pain of discharging the surety, notwithstanding the contrary provisions of the selected remedy?

We answer the question in the affirmative.

The appellant, Johnson Controls, Inc. (JCI) entered into a subcontract with Ocean Electric Corporation (Ocean) for work on the Trident Submarine Training Facility in Kings Bay, Georgia. The appellee, Safeco Insurance Company (Safeco), issued the surety bond that JCI required Ocean to post to guaranty Ocean's performance. Following a performance dispute between JCI and Ocean, JCI notified Ocean that it was in default. JCI submitted a claim to Safeco. Safeco responded to JCI, by letter on November 4, 1986, which stated, in pertinent part:

> Johnson Controls [JCI] has asserted and continues to assert various claims against both Ocean and SAFECO in regard to the construction project located at Kings Bay, Georgia.
>
> You are notified that Johnson Controls [JCI] should proceed to collect any debt it believes it has owing to it from Ocean immediately. Johnson [JCI] should proceed to institute adversary proceedings against Ocean Electric immediately. . . .

Rather than proceeding to institute adversary proceedings against Ocean, JCI elected to complete the job by engaging another subcontractor to complete the work. On December 16, 1986, prior to the completion of the work, the Navy terminated the project. Ocean subsequently declared bankruptcy and on November 23, 1987, JCI filed an action against Safeco as surety, seeking to recover $117,000 in excess cost incurred by JCI after Ocean's default.

Safeco argued that OCGA § 10-7-24[1] required JCI to file within

---

[1] OCGA § 10-7-24 provides:

Any surety, guarantor, or endorser, at any time after the debt on which he is liable becomes due, may give notice in writing to the creditor, his agent, or any person having possession or control of the obligation, to proceed to collect the debt from the principal . . . and, if the creditor or holder refuses or fails to commence an action for the space of three months after such notice . . . the endorser, guarantor, or

three months after its letter of November 4, 1986, and because JCI did not file its action until November 23, 1987, that it was prohibited as a matter of law from seeking relief under the surety bond. The district court granted Safeco's motion for summary judgment.

On appeal, the Eleventh Circuit, noted that this Court had

not resolved the question of whether [OCGA] § 10-7-24 operated to require a creditor to file suit notwithstanding the fact that the creditor had selected an available remedy which contemplates deferral of payment. Since the resolution of this question would be determinative of this cause of action, we certify [the above] question to the Supreme Court of Georgia. . . .

The district court correctly ruled that "JCI's cause of action arose at the time of the breach, i.e. at the time it declared Ocean to be in default of the Subcontract Agreement."

*Certified question answered. All the Justices concur, except Fletcher, J., who dissents.*

DECIDED JUNE 7, 1991 —
RECONSIDERATION DENIED JUNE 27, 1991.

*Hendrick, Spanos & Phillips, David R. Hendrick, Victoria S. Tobin, Trotter, Smith & Jacobs, Scott K. Tippett,* for appellant.
*Bovis, Kyle & Burch, John V. Burch, Matthew D. Williams,* for appellee.

surety giving the notice . . . shall be discharged. No notice which does not state the county in which the principal resides shall be considered a compliance with the requirements of this Code section.